**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**CASE NO. 16-23582-CIV-MARTINEZ-GOODMAN**

DOCTOR BOZORGMEHR POUYEH,

Plaintiff,

v.

PUBLIC HEALTH TRUST OF JACKSON
HEALTH SYSTEM, et al.,

      Defendants.

_____/

**REPORT AND RECOMMENDATIONS REGARDING MOTION TO**
**DISMISS/QUASH FOR INSUFFICIENT SERVICE OF PROCESS**

United States District Judge Jose E. Martinez referred to the Undersigned all pre-

trial matters in this case. [ECF No. 12]. Defendants filed a Motion to Dismiss the

Amended Complaint and/or to Quash Service and Set Aside Clerk's Default for

Insufficient Service of Process. [ECF No. 45]. Plaintiff responded in opposition to

Defendants' motion, filed a declaration in support of his response, and filed a motion to

strike Defendant's Motion. [ECF Nos. 49; 50; 51].

Plaintiff filed this action, in a *presumably*[1] 138-page Amended Complaint,

alleging various violations of his constitutional rights under federal statutes. The Court

_____

[1]    Plaintiff erroneously attempts to incorporate by reference the allegations of the
Complaint into the Amended Complaint, essentially leaving the Court without an

1

has carefully considered the motion, Plaintiff's response and declaration, the record, and the applicable law, and respectfully recommends that Judge Martinez grant Defendants' Motion and dismiss Plaintiff's Amended Complaint, as well as all pending motions, without prejudice, based on insufficient service of process.

## Applicable Law

The Defendants who Plaintiff seeks to sue in this lawsuit are individuals and the Public Health Trust of Miami-Dade County (the "Trust"). Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied. *Omni Capital Intern., Ltd. v. Rudolf Wolff & Co., Ltd.,* 484 U.S. 97, 104 (1987). Plaintiff bears the burden of establishing proper service and a defendant's actual notice is not sufficient to cure defectively executed service. *Albra v. Advan, Inc.,* 490 F.3d 826, 829 (11th Cir. 2007); *Forth v. Carnival Corp.,* Case No. 12-23770-CIV, 2013 WL 1840373, at *1 (S.D. Fla. May 1, 2013).

Under Federal Rule of Civil Procedure 4, "[s]ervice on an individual may be effected by delivering a copy of the summons and complaint to the individual personally or, under prescribed conditions, by leaving copies at the individual's usual

---

operative pleading. [ECF No. 20]. As a matter of law, "[a]n amended pleading **supersedes** the former pleading; 'the original pleading is abandoned by the amendment, and is no longer a part of the pleader's averments against his adversary.'" *Dresdner Bank AG v. M/V Olympia Voyager,* 463 F.3d 1210, 1215 (11th Cir. 2006) (emphasis added) (quoting *Proctor & Gamble Defense Corp. v. Bean,* 146 F.2d 598, 601 n. 7 (5th Cir. 1945)). Notwithstanding this error, Plaintiff is *pro se* and the Undersigned will construe the Amended Complaint liberally at this juncture, especially in light of the fact that Defendants have not raised this argument as another basis for dismissal.

place of abode or by delivering to an agent authorized by appointment or by law to receive service of process." *Melton v. Wiley*, 262 F. App'x 921, 922 (11th Cir. 2008) (quoting Fed. R. Civ. P. 4(e)(2)).

Furthermore, under Rule 4, a state, a municipal corporation, or any other state-created governmental organization that is subject to suit must be served by: "delivering a copy of the summons and of the complaint to its chief executive officer" or "serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant." Fed. R. Civ. P. 4(j).

In this case, Florida law governs service. *See* Fed. R. Civ. P. 4(e)(1) ("following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made").

Florida law provides that service is made "by delivering a copy of the summons to the person to be served with a copy of the complaint, petition, or other initial pleading or paper by leaving copies at his or her usual place of abode with any person residing therein who is 15 years of age or older and informing the person of their contents." Fla. Stat. § 48.031(1)(a). The term "usual place of abode" means "the place where the defendant is actually living at the time of service." *Stettner v. Richardson*, 143 So. 3d 987, 990 (Fla. 3d DCA 2014) (internal quotation and marks omitted).

Federal courts in this district have found that the Trust "'is an agency and instrumentality of Miami-Dade County Florida[.]'" *Singleton v. The Pub. Health Trust of*

3

*Miami-Dade Cty.*, 203 F. Supp. 3d 1181, 1186 (S.D. Fla. 2016) (quoting *Fin. Healthcare Assocs., Inc. v. Pub. Health Trust of Miami–Dade Cty.*, 488 F. Supp. 2d 1231, 1234 (S.D. Fla. 2007)). With regard to service "against any public agency, board, commission, or department not a body corporate," Florida law provides that service shall be "on the public officer being sued or the chief executive officer of the agency, board, commission, or department." Fla. Stat. § 48.111(2).

<u>Analysis</u>

Here, Plaintiff filed proofs of service indicating that summonses for all Defendants were served on County Commission Clerk Terry Murphy on August 23, 2016 [ECF Nos. 14; 15; 16; 17; 18; 19]. Under Florida law, service on a Miami-Dade County commission clerk is insufficient service for the individual Defendants and the Trust. *See* Fla. Stat. §§ 48.031 and 48.111; *Jensen v. Palmer*, 15-CV-197-T-17MAP, 2015 WL 899995, at *3 (M.D. Fla. Mar. 3, 2015) ("[W]here a return of service is invalid on it[s] face, the return of service cannot be relied on as evidence that service of process was valid").

Based on Plaintiff's insufficient service, the Undersigned respectfully recommends that the District Court: (1) grant Defendants' Motion to Dismiss and Quash Service [ECF No. 45]; (2) set aside the clerk's entry of default; (3) deny Plaintiff's motion for default final judgment [ECF No. 38]; (3) dismiss Plaintiff's Complaint [ECF No. 1] and Plaintiff's Amended Complaint [ECF No. 20] without prejudice; (4) deny all other pending motions as moot [ECF Nos. 35; 37; 42; 49; 62]; (5) require Plaintiff, if he

wishes, to refile a newer version of the Complaint within 30 days from the date Judge Martinez enters an Order on this Report and Recommendations -- but the new Complaint must comply with Federal Rule of Civil Procedure 8(a)(2)'s requirement of stating a "short and plain statement of the claim[;]" and (6) require Plaintiff to perfect service in accordance with Florida law on all Defendants.

**OBJECTIONS**

The parties will have fourteen (14) days from the date of being served with a copy of this Report and Recommendations within which to file written objections, if any, with the District Judge. Each party may file a response to the other party's objection within fourteen (14) days of the objection. Failure to file objections timely shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report except upon grounds of plain error if necessary in the interest of justice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (1989); 11th Cir. R. 3-1 (2016).

**RESPECTFULLY RECOMMENDED** in Chambers, at Miami, Florida, on April 26, 2017.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

5

**<u>Copies furnished to</u>:**
The Honorable Jose E. Martinez
All counsel of record