UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division
**Case Number: 16-23582-CIV-MARTINEZ-GOODMAN**

DR. BOZORGMEHR POUYEH,
     Plaintiff,

vs.

PUBLIC HEALTH TRUST OF JACKSON
HEALTH SYSTEM, *et al.*,
     Defendants.

_____/

### ORDER ADOPTING MAGISTRATE JUDGE GOODMAN'S
### REPORT AND RECOMMENDATION

THE MATTER was referred to the Honorable Jonathan Goodman, United States

Magistrate Judge, for a Report and Recommendation on Defendants' Motion to Dismiss and/or

Quash Service and Set Aside Clerk's Default (the "Motion") [ECF No. 45].  Magistrate Judge

Goodman filed a Report and Recommendation [ECF No. 64], recommending that this Court (a)

grant Defendants' Motion; (b) set aside the clerk's entry of default [ECF No. 34]; (c) deny

Plaintiff's motion for default final judgment [ECF No. 38]; (d) dismiss Plaintiff's Complaint

[ECF No. 1] and Plaintiff's Amended Complaint [ECF No. 20] without prejudice; (e) deny all

other pending motions as moot [ECF Nos. 35, 37, 42, 49, and 62]; (f) require Plaintiff, if he

wishes, to refile a newer version of the Complaint within 30 days from the date of this Order --

but the new Complaint must comply with Federal Rule of Civil Procedure 8(a)(2)'s requirement

of stating a short and plain statement of the claim; and (g) require Plaintiff to perfect service in

accordance with Florida law on all Defendants.  The Court has reviewed the entire file and record

and has made a *de novo* review of the issues that the objections to the Magistrate Judge's Report

and Recommendation present.

     Plaintiff argues that Defendants waived their right to claim insufficiency of service of

process by filing a notice of appearance. *See Oldfield v. Pueblo De Bahia Lora, S.A.*, 558 F.3d

1210, 1218 n.21 (11th Cir. 2009) ("a party's right to dispute personal jurisdiction is waived if the party fails to assert that objection in its first Rule 12 motion, other responsive pleading or general appearance."). Plaintiff believes that a notice of appearance is a general appearance which would result in Defendants waiving their right to challenge service of process. The Court disagrees. "Under F. R. Civ. P. 12(b) there is no longer any necessity for appearing specially to protest the court's jurisdiction or question the sufficiency of process or service of process. All such objections are assertable in an answer or motion to dismiss pursuant to Rule 12(b)." *Hous. Auth. of City of Atlanta, Ga. v. Millwood*, 472 F.2d 268, 272 (5th Cir. 1973).[1] As a result, Defendants filing a notice of appearance did not waive their ability to challenge service of process. A notice of appearance is not a general appearance. *See Maiz v. Virani*, 311 F.3d 334, 340 (5th Cir. 2002) ("A party makes a general appearance whenever it invokes the judgment of the court on any question other than jurisdiction."). Federal courts have held that a notice of appearance does not waive Rule 12(b)(2)-(5) defenses. *See, e.g., Coe v. Philips Oral Healthcare Inc.*, 2014 WL585858, at *2 (W.D. Wash. Feb. 14, 2014) (filing notice of appearance did not waive Rule 12(b)(2) defense).

Plaintiff also argues that the Court should have granted his Motion to Strike Defendants' Motion to Dismiss and/or Quash Serive and Set Aside Clerk's Default [ECF No. 49], because the Defendants did not file a response. The Court disagrees. The failure to serve an opposing memorandum of law "*may* be deemed sufficient cause for granting a motion by default." Local Rule 7.1(c) (emphasis added). A movant is not automatically entitled to relief when a response has not been filed. Plaintiff argues that Defendants' Motion should be stricken, because Defendants waived their objections to service of process. As previously discussed, the Court

---

[1]   In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), this Court adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to close of business on September 30, 1981.

finds that Defendants did not waive such right.

Plaintiff's remaining objections are addressed in the Report and Recommendation. After careful consideration, it is hereby:

**ADJUDGED** that United States Magistrate Judge Goodman's Report and Recommendation [ECF No. 64] is **AFFIRMED** and **ADOPTED**. Accordingly, it is:

**ADJUDGED** that

1.      Defendants' Motion to Dismiss and/or Quash Service and Set Aside Clerk's Default [ECF No. 45] is **GRANTED**.

2.      The clerk's default [ECF No. 34] is **VACATED** .

3.      Plaintiff's motion for default final judgment [ECF No. 38] is **DENIED**.

4.      Plaintiff's Complaint [ECF No. 1] and Amended Complaint [ECF No. 20] are **DISMISSED without prejudice**.

5.      This Case is **ADMINISTRATIVELY CLOSED** for statistical purposes only. All pending motions [ECF Nos. 35, 37, 42, 49, and 62] are **DENIED as MOOT**.

6.      Plaintiff may file an amended complaint on or before **June 12, 2017**. Such amended complaint must comply with Federal Rule of Civil Procedure 8(a)(2)'s requirement of containing a "short and plain statement of the claim." Plaintiff shall perfect service in accordance with Florida law on all Defendants. If Plaintiff timely files an amended complaint in compliance with this Order, the Court will reopen this case.

DONE AND ORDERED in Chambers at Miami, Florida, this $\underline{11}$ day of May, 2017.

JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies provided to:
Magistrate Judge Goodman
All Counsel of Record