UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 16-23582-CIV-MARTINEZ/GOODMAN

DOCTOR BOZORGMEHR POUYEH,

    Plaintiff,
v.

PUBLIC HEALTH TRUST OF JACKSON
HEALTH SYSTEM, et al.,

    Defendants.
_____/

### ORDER DENYING PLAINTIFF'S MOTION FOR SANCTIONS

Plaintiff Doctor Bozorgmehr Pouyeh ("Plaintiff"), a *pro se* litigant, filed a Motion for Sanctions requesting this Court impose Rule 37 Sanctions against Defendants Public Health Trust of Jackson Health System, et al. ("Defendants") for purportedly violating the Undersigned's Discovery Order. [ECF No. 144]. Defendants filed a response [ECF No. 145] and Plaintiff filed a reply [ECF No. 146]. United States District Judge Jose E. Martinez referred all pretrial proceedings to the Undersigned. [ECF No. 141].

For the reasons discussed below, the Undersigned **denies** Plaintiff's request for Rule 37 Sanctions.

Plaintiff's request for sanctions stems from Defendants' non-compliance with the Undersigned's Discovery Order. Specifically, on October 19, 2021, the Undersigned granted Plaintiff's Motion to Compel and ordered Defendants to respond to all of

Plaintiff's requests for production and interrogatories by November 1, 2021. [ECF No. 142]. In addition, the Undersigned reminded the parties about their pre-motion conferral requirement, which is not somehow rendered inapplicable merely because one of the parties is proceeding *pro se*:

> [D]efense counsel is required to have reasonable pre-filing conferrals with Plaintiff about discovery disputes and other disputes before a motion is filed by either side. The mere fact that Plaintiff is proceeding *pro se* does not excuse the conferral requirement, nor does his status as someone living outside of the United States. The parties can schedule telephone calls for the required conferrals.

[ECF No. 142].

Defendants concede that they did not respond to Plaintiff's discovery requests by the court-ordered deadline. [ECF No. 145]. Defense counsel offers her reason for missing the deadline, claiming she fell ill on September 16, 2021, which caused her to miss multiple days of work over the next few weeks, and fall behind on emails, work, and deadlines. According to her, these circumstances did not substantively impact her *other* cases because she was able to confer with opposing counsel regarding any missed deadlines. However, here, she says, "Plaintiff . . . did not contact [her] to confer prior to filing the current motion, so [she] did not have the opportunity to address the reasons for the delay before the motion was filed." *Id*.

In Plaintiff's reply, he argues that defense counsel's reasons for failing to meet the deadline are insufficient and that sanctions should still be imposed. He also concedes that he did not engage in a meet and confer before filing his sanctions motion.

2

Apparently frustrated by his prior conferrals on other matters, Plaintiff states, "why on earth [should I] have thought conferring before filing the present motion to sanction[] would be effective?!" [ECF No. 146].

Thus, it appears that Plaintiff's failure to confer was a decision intentionally made because he did not think it would lead anywhere. This, however, is not an obligation that Plaintiff can choose to ignore merely because he does not believe it will be valuable or effective.

Local Rule 7.1(a)(3) *requires* litigants, before filing a motion (with a few exceptions inapplicable here), to

> confer (orally or in writing), or make reasonable effort to confer (orally or in writing), with all parties or non-parties who may be affected by the relief sought in the motion in a good faith effort to resolve by agreement the issues to be raised in the motion. Counsel conferring with movant's counsel shall cooperate and act in good faith in attempting to resolve the dispute. At the end of the motion, and above the signature block, counsel for the moving party shall certify either: (A) that counsel for the movant has conferred with all parties or non-parties who may be affected by the relief sought in the motion in a good faith effort to resolve the issues raised in the motion and has been unable to do so; or (B) that counsel for the movant has made reasonable efforts to confer with all parties or non-parties who may be affected by the relief sought in the motion, which efforts shall be identified with specificity in the statement (including the date, time, and manner of each effort), but has been unable to do so.

S.D. Fla. L.R. 7.1(a)(3).

Plaintiff's motion does not include the required certification and he admits that he made no effort to confer because he did not think it would have been effective. This, alone, is grounds to deny his motion. *Muzaffarr v. Ross Dress for Less, Inc*, 941 F. Supp. 2d

1373, 1376 (S.D. Fla. 2013) ("[F]ailure to confer with opposing counsel is by itself grounds to deny [a] motion.").

"*Pro se* litigants are required to conform to [the district's] procedural rules." *Black v. Culbertson*, 470 F. App'x 737, 739 (11th Cir. 2012) (citing *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007)). Although courts should construe *pro se* filings liberally, "procedural rules in ordinary civil litigation should [not] be interpreted so as to excuse mistakes by those who proceed without counsel." *Samadi v. Bank of America, N.A.*, 476 F. App'x 819, 819 (11th Cir. 2012) (quoting *McNeil v. United States*, 508 U.S. 106, 113, 113 (1993) (alterations in original)). Said differently, *pro se* litigants do not have "a right to receive special advantages not bestowed on other litigants." *Procup v. Strickland*, 760 F.2d 1107, 1115 (11th Cir. 1985).

Further, although Plaintiff is *pro se*, the specific facts of this case and Plaintiff's experience proceeding *pro se* mitigate against a decision to forgive this violation of the Local Rules. As Plaintiff notes in his reply, this case originated in 2016. Since then, Plaintiff has filed notices seeking compliance with the Local Rules [ECF No. 35], the Court has entered Orders referencing the Local Rules [ECF No. 41], Plaintiff successfully appealed an issue to the Eleventh Circuit [ECF No. 121], the Undersigned entered an Order which, in part, reminded Plaintiff and defense counsel of the conferral requirement [ECF No. 142], and, most importantly, Plaintiff admitted he was aware of

the mandatory conferral requirement and made the conscious decision to *not* comply [ECF No. 146].

Moreover, it is far from clear that a pre-filing conferral would have automatically and with certainty led to a complete failure to resolve some of the dispute. Had Plaintiff, a doctor, heard about defense counsel's illness, then he may have decided to not file the sanctions motion (but, instead, to provide a modest enlargement of time, to provide one hypothetical illustration).

Because compliance with the Local Rules is mandatory and there is no justification for his non-compliance, Plaintiff's Motion for Sanctions is **DENIED**.

The Undersigned writes separately to address Plaintiff's previous request for Defendants to pay the costs associated with mailing his motion to compel [ECF No. 139]. The Undersigned previously reserved ruling on the issue because the cost amount was handwritten and illegible. [ECF No. 142]. The Undersigned offered Plaintiff the opportunity to provide a legible amount in a separate filing. *Id.* Plaintiff indicated in his Motion for Sanctions that the cost of filing the Motion to Compel was $61.70. [ECF No. 144].

Because Plaintiff prevailed on the discovery dispute, Defendants and their counsel shall collectively[1] pay to Plaintiff $61.70 by January 14, 2022.[2] On the day the

---

[1] The rule permits a costs-shifting award to be entered against a party, its counsel or both. Because the Undersigned does not know whether it was Defendants, their

payment is made, Defendants shall submit to the Undersigned's e-file inbox (goodman@flsd.uscourts.gov) -- but not on CM/ECF -- an affidavit or declaration confirming the payment was made.

**DONE AND ORDERED** in Chambers, in Miami, Florida, on December 30, 2021.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**
The Honorable Jose E. Martinez
All counsel of record

Doctor Bozorgmehr Pouyeh, *Pro Se*
#45 West Seventeenth Street
Mahestan Street, Khalil-Abadi Boulevard
Baghe-Feyz, Tehran, Iran

---

attorney or both who are responsible for the circumstances leading to the need for the motion to compel, the Undersigned is leaving it to Defendants and their counsel to determine who should pay the award. It is possible, of course, that they will split the responsibility in some way. The affidavit or declaration confirming payment shall indicate who is paying what.

2   The Undersigned does not deem this expense-shifting award to be a sanction or the imposition of discipline. Instead, it is simply a cost-shifting or fee-shifting mechanism used, as required, under Federal Rule of Civil Procedure 37, against a party or attorney who loses a discovery dispute. Thus, this Order would not require defense counsel to answer yes if ever asked (e.g., by a prospective employer, by an insurance carrier, by a judicial nominating commission, by a client, or by a prospective client) if a judge had ever sanctioned or disciplined him. The same scenario applies to the Defendants themselves.