UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 16-23582-CIV-MARTINEZ/GOODMAN

DOCTOR BOZORGMEHR POUYEH,

    Plaintiff,
v.

PUBLIC HEALTH TRUST OF JACKSON
HEALTH SYSTEM, et al.,

    Defendants.
_____/

**ORDER GRANTING PLAINTIFF'S MOTION TO AWARD $140.00 IN COSTS**

Plaintiff Bozorgmehr Pouyeh filed a Motion to Award $140.00 in costs associated with an earlier discovery dispute. [ECF No. 163]. In the Order on the earlier discovery dispute, the Undersigned reserved ruling on Plaintiff's request for $140 in costs. [ECF No. 158]. Plaintiff argues that costs are justified because the discovery provided pursuant to the Undersigned's Order reveals that Defendants' position during the hearing was "misleading." [ECF No. 163].

Defendants filed a response arguing generally that "Plaintiff previously failed to confer with [defense counsel] prior to filing his multiple motions . . . [and] the Court must not order payment of expenses for filing a motion if the movant filed the motion before attempting in good faith to obtain the discovery without court action. [ECF No. 164

(internal citations and quotations omitted). This argument is not persuasive.

Plaintiff's current request concerns an earlier motion to compel which he filed seeking documents from Defendants, as well as more-sufficient interrogatory answers. [ECF No. 144]. In that motion, Plaintiff notes that he conferred with Defendants about his discovery complaints and had to file the motion after providing Defendants with multiple extensions of time to fulfill the discovery requests. *Id.* Defendants filed a response, which did not include an argument that Plaintiff failed to confer with Defendants about the issues. [ECF No. 145]. After a hearing [ECF No. 157], the Undersigned granted in large part Plaintiff's motion and reserved on the issue of costs (the issue on which Plaintiff now seeks a ruling) [ECF Nos. 158; 161].

Because Plaintiff prevailed in the discovery dispute, the Undersigned grants his request for $140.00 in costs associated with mailing the pleadings from Iran to the United States. This award is not a sanction nor is it for violating a court order; it is merely a cost-shifting mechanism triggered when Plaintiff prevailed in an earlier discovery dispute.

Federal Rule of Civil Procedure 37 requires the court to shift the reasonable expenses of a prevailing movant onto the party whose conduct necessitated the motion. Fed. R. Civ. P. 37. Although there are exceptions to this cost-shifting mechanism, Defendants have not established that any of the exceptions apply. Indeed, as their response to the current motion indicates, they were able to provide to Plaintiff many (if not, all) of the requested documents.

Accordingly, Defendants shall pay Plaintiff $140.00 within two weeks. Within two days of making payment, Defendants shall submit to my efile inbox (goodman@flsd.uscourts.gov) a declaration or affidavit confirming that the payment has been made.

The Undersigned does not consider this cost-shifting award to be a sanction or the imposition of discipline. Rather, it is merely a consequence of events unfolding in a way which caused financial consequences (i.e., the unnecessary incurring of costs by Plaintiff in mailing from Iran a motion to compel and a reply). Thus, this Order would not require Defendants or Defendants' counsel to answer "yes" if ever asked (e.g., by a prospective employer, by an insurance carrier, by a judicial nominating commission, by a client, or by a prospective client) if they had ever been sanctioned or disciplined.

**DONE AND ORDERED** in Chambers, at Miami, Florida, on August 26, 2022.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**
The Honorable Jose E. Martinez
All counsel of record

Doctor Bozorgmehr Pouyeh, *Pro Se*
#45 West Seventeenth Street
Mahestan Street, Khalil-Abadi Boulevard
Baghe-Feyz, Tehran, Iran