UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 16-23582-CIV-MARTINEZ/GOODMAN

DOCTOR BOZORGMEHR POUYEH,

    Plaintiff,
v.

PUBLIC HEALTH TRUST OF JACKSON
HEALTH SYSTEM, et al.,

    Defendants.
_____/

ORDER ON PLAINTIFF'S MOTION TO FILE DOCUMENTS UNDER
SEAL AND MOTION REQUESTING AN INCREASED PAGE
LIMIT AND INCREASED RESPONSE/REPLY DEADLINE

Plaintiff Bozorgmehr Pouyeh filed two motions related to the summary judgment motion he intends on filing, as permitted by United States District Court Judge Jose E. Martinez's Order Revising Pretrial Deadlines and Continuing Trial [ECF No. 176]. [ECF Nos. 173; 175]. Defendants did not respond to either of Plaintiff's motions and the time to do so has expired. Judge Martinez referred to the Undersigned all pretrial proceedings. [ECF No. 141]. As explained more thoroughly below, the Undersigned **grants** Plaintiff's Motion to File Documents Under Seal and **grants** Plaintiff's Motion for Leave to File a 24 Page Statement of Facts and to Permit Plaintiff an Additional 11 Days to File his Responsive Summary Judgment Memoranda.

Plaintiff's Motion to File Under Seal:

The following procedure shall govern under seal filings:

If a party intends to include as an exhibit or reference in a motion confidential information, then it shall file the motion (including exhibits) under seal. The party seeking to maintain the confidentiality of the confidential information in the motion or its exhibits shall then file a memorandum justifying the necessity of the under-seal status. Parties who do not believe the confidentiality is justified may file a response memorandum.

The Undersigned will then rule. If the Undersigned determines that the confidential information does not warrant under-seal status, then the motion/exhibits will be unsealed. If the Undersigned determines that the confidential information does warrant under-seal status, then the motion/exhibits will remain sealed and the party seeking to maintain the under-seal status will be required to publicly file on CM/ECF a *redacted* version of the motions/exhibits, which redacts only those portions worthy of under-seal status.

In Plaintiff's motion, he represents that, due to the difficulties associated with filing documents under seal in accordance with Local Rule 5.4(b)(1), he will "produce a few pages of sealed exhibits, summarizing the key points from the produced documents." [ECF No. 173]. Although the Undersigned appreciates that Plaintiff's proposed production is meant to be only illustrative, I remind the parties that the Court may

consider only facts which are supported by record evidence -- which must be included with the party's statement of facts or found elsewhere on the docket.

<u>Plaintiff's Motion for Leave to File Additional Pages and for Additional Time to File a Response/Reply</u>:

Plaintiff's statement of material facts in support of his summary judgment motion may be up to 24 pages in length.

If Plaintiff files a summary judgment motion and Defendants file a response, then Plaintiff shall have 18 days to file his reply in support of his summary judgment motion.

If Defendants file a summary judgment motion, then Plaintiff shall have 25 days to file his response.

**DONE AND ORDERED** in Chambers, at Miami, Florida, on February 22, 2023.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**
The Honorable Jose E. Martinez
All counsel of record

Doctor Bozorgmehr Pouyeh, *Pro Se*
#45 West Seventeenth Street
Mahestan Street, Khalil-Abadi Boulevard
Baghe-Feyz, Tehran, Iran