UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 16-23582-CIV-MARTINEZ/GOODMAN

DOCTOR BOZORGMEHR POUYEH,

    Plaintiff,

v.

PUBLIC HEALTH TRUST OF JACKSON
HEALTH SYSTEM, et al.,

    Defendants.
_____/

### REPORT AND RECOMMENDATIONS ON PLAINTIFF'S MOTION FOR A STAY PENDING A PETITION FOR A WRIT OF MANDAMUS

Plaintiff Bozorgmehr Pouyeh ("Plaintiff") filed this nine-count discrimination lawsuit *pro se*[1] against Defendants Public Health Trust of Jackson Health System, Carlos A. Migoya, Dr. Steven J. Gedde, Dr. Stefanie R. Brown, Dr. J. Donald Temple, and Dr. Doe

---

[1] "This Court is required to construe *pro se* filings liberally." *Stroud v. Bank of Am.*, No. 11-22489-CIV, 2012 WL 3150054, at *1 (S.D. Fla. Aug. 1, 2012) (quoting *Moghaddam-Trimble v. S. Fla. Water Mgmt. Dist.*, 479 F. App'x 311, 312 n.2 (11th Cir. 2012)); *see also*, *Retie v. United States*, 215 F. App'x 962, 964 (11th Cir. 2007) (explaining that federal courts may liberally construe pro se filings "in order to avoid an unnecessary dismissal, to avoid inappropriately stringent application of formal labeling requirements, or to create a better correspondence between the substance of a *pro se* motion's claim and its underlying legal basis."). Liberal construction, however, does not mean that the Court will rewrite a filing on behalf of a *pro se* litigant. *United States v. Padgett*, 917 F.3d 1312, 1317 (11th Cir. 2019).

(collectively, "Defendants"), alleging that Defendants violated his civil rights when they failed to hire him as a resident doctor in one of their facilities. [ECF No. 134].

The Clerk received and filed Plaintiff's Motion for a Stay Pending a Petition for a Writ of Mandamus[2] ("Motion") on August 11, 2023. [ECF No. 215]. Defendants filed a response on August 25, 2023. [ECF No. 221]. The Court did not permit an optional reply. [ECF No. 219].

United States District Court Judge Jose E. Martinez referred this matter to the Undersigned for a ruling on all pretrial, non-dispositive matters and for a Report and Recommendations on all dispositive matters. [ECF No. 141].

For the reasons discussed below, the Undersigned **respectfully recommends** that the District Court **deny** Plaintiff's Motion.

I.  **LEGAL ANALYSIS**

Plaintiff's Motion is based on the inconvenience he allegedly encountered because he did not have the option to e-file his documents with the Court. His Motion states that

> [t]here are constitutional questions in terms of Equal Protection about the validity of the local rules to withhold from pro se parties the option of e-filing their documents; and for Plaintiff in particular, violation of his fundamental right to access to court, given the circumstances special to him, as explained in the mandamus petition. Until and unless these constitutional issues are not resolves [sic], this case should be stayed.

---

[2]  The Clerk of the Eleventh Circuit Court of Appeals received and filed Plaintiff's Petition for Writ of Mandamus on August 6, 2023. [ECF No. 221].

2

[ECF No. 215]. Plaintiff's Motion is void of any legal authority or evidentiary support. Plaintiff's Motion says that, in an effort to reduce his costs and meet his deadlines, he "could not wait to confer with [ ]Defendants about this motion.". [ECF No. 215].

Plaintiff's failure to confer with opposing counsel before filing his motion violates S.D. Fla. Local Rule 7.1(a)(3), which mandates the pre-filing conference and certification of a motion *prior to* its filing. "Compliance with Local Rule 7.1(a)(3) is mandatory and serves an important purpose." *Hernandez v. Ticketmaster, LLC*, No. 18-20869-CIV, 2018 WL 2198457, at *3 (S.D. Fla. May 14, 2018). "The purpose of the rule is to ensure judicial economy and prevent courts from considering issues the parties could agree on independently, and to ascertain whether the Court need wait for a response from the opposing party before deciding the motion." *Aguilar v. United Floor Crew, Inc.*, No. 14-CIV-61605, 2014 WL 6751663, at *1 (S.D. Fla. Dec. 1, 2014).

Plaintiff's basic failure to include any supporting evidence or legal authority renders the Motion void of any good cause. "A stay is considered an 'extraordinary relief' for which the moving party bears a 'heavy burden.'" *Stansell v. Revolutionary Armed Forces of Colombia*, No. 19-20896-CV, 2019 WL 5296755, at *1 (S.D. Fla. Aug. 28, 2019), report and recommendation adopted sub nom. *Stansell v. Revolutionary Armed Forces of Columbia*, No. 19-20896-CIV, 2019 WL 5290906 (S.D. Fla. Aug. 30, 2019) (quoting *Winston-Salem/Forsyth County Bd. of Education v. Scott*, 404 U.S. 1221, 1231 (1971)).

3

A stay pending appeal is akin to a preliminary injunction. *See Matter of Forth-Eight Insulations, Inc.*, 115 F.3d 1294, 1300 (7th Cir. 1997). There are four factors the Court looks to in determining whether a stay is appropriate: (1) whether the stay applicant can make a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent entry of a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies. *Hand v. Scott*, 888 F.3d 1206, 1207 (11th Cir. 2018) (quoting *Nken v. Holder*, 556 U.S. 418, 426 (2009)). "A stay is not a matter of right even if irreparable injury might otherwise result" -- and the decision to grant or deny a stay rests within the Court's sound discretion. *Nken*, 556 U.S. at 433-34 (citations omitted). The first two factors are the "most critical." *Id.* at 434.

Plaintiff's failure to make any effort to meet his burden mandates a recommendation of denial. *See Stansell*, 2019 WL 5296755, at *1 (denying the movants' motion to stay because of their failure to meet the four factors). Additionally, this case originated seven years ago, and, throughout these seven years, Plaintiff has continuously filed submissions through United States mail.

Plaintiff has requested permission to electronically file his documents by email multiple times since the inception of this case. *See* [ECF Nos. 3; 77; 123]. The Court denied each of his requests. *See* [ECF Nos. 44; 80; 124]. Judge Martinez explicitly informed Plaintiff that he "is not permitted to submit documents either by email or CM/ECF" based

4

on Section 2C of the Southern District of Florida CM/ECF Administrative Procedures. [ECF No. 80]. Those procedures require "*pro se* litigants to file their documents in a conventional manner, which means in person or by U.S. mail." *Id*.

Defendants argue that Plaintiff failed to provide any evidence that a stay is needed under these circumstances. [ECF No. 221]. The Undersigned agrees. The jury trial is currently scheduled for October 23, 2023. Defendants note that the "only documents that **need** to be filed before trial are a joint pretrial stipulation (which Defendants can file on behalf of both parties), proposed jury instructions, and proposed *voir dire* questions." *Id citing* ECF No. 207 (emphasis added). All of the other deadlines, including the deadline for the filing of pretrial motions, have **expired**. [ECF Nos. 176; 207].

Given that Plaintiff's motion (1) lacks any supporting evidence or legal authority; (2) violates S.D. Fla. L.R. 7.1(a)(3); and (3) ignores the procedural history of the case, the Undersigned **respectfully recommends** that the District Court **deny** Plaintiff's Motion.

## II.     OBJECTIONS

The parties will have 14 days from the date of being served with a copy of this Report and Recommendations within which to file written objections, if any, with the District Judge. Each party may file a response to the other party's objection within 14 days of the objection. Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in

the Report except upon grounds of plain error if necessary in the interests of justice. *See* 29 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2016).

**RESPECTFULLY RECOMMENDED** in Chambers, Miami, Florida, on August 29, 2023.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**
The Honorable Jose E. Martinez
All Counsel of Record

Doctor Bozorgmehr Pouyeh, *Pro Se*
#45 West Seventeenth Street
Mahestan Street, Khalil-Abadi Blvd.
Baghe-Feyz, Tehran, Iran