# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
### CASE NO. 16-23582-CV-MARTINEZ-GOODMAN

Dr. Bozorgmehr Pouyeh,
Plaintiff,
v.
Public Health Trust of Jackson
Health System, et. al.,
Defendants
_____/



FILED BY_____D.C.

NOV 2 9 2023

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

## **PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE**

(Followup from Plaintiff's email, Plaintiff's employer accepted to advance some cash so that Plaintiff can urgently mail this response on Nov 25th from Iran, but he cannot guarantee that the mail will be delivered by deadline).

Plaintiff was the person who proposed mediation, did not afford the cost of mediation. Plaintiff's understanding from the caselaw is that notice of appeal confers jurisdiction on the court of appeals and it was filed before the deadline for mediation. In response to the defendants' counsel's email about the court's requirement of the parties to mediate, Plaintiff provided the argument that he filed a notice of appeal and presented the caselaw, but she responded that she, as the counsel of the defendants, cannot provide legal advice to Plaintiff on the effect of filing notice of appeal.

## **EXPLANATION**

Prior scheduling order did not include mediation (ECF No.166). Plaintiff was the person who proposed to the court to include mediation, (ECF No.174, at 1): "Plaintiff moves the court to revise the scheduling order to include ….and other pretrial matters (mediation?)", and the court did. He then moved the court to extend the deadline for mediation beyond the deadline of ruling on summary judgment motion, as he could not afford the cost of mediation. At that time, Plaintiff, living in Iran, was thinking that he could win some claims at summary

judgment stage and impose liability on the defendants, so that he could ask the defendants to pay the cost of mediation on behalf of him from the money the defendants would eventually pay. If Plaintiff could win some of his claims at summary judgment stage and could settle the case through mediation, he did not need to travel from Iran to the USA for trial.

It is notable that Plaintiff did research on the internet and noted that a mediator will charge about $250–$500 per hour. Plaintiff's income in Iran, when converted to USD, is about $280/month, *see* Plaintiff's motion to proceed as IFP in the 11th circuit for his mandamus (case No. 23-12532). It is evident that Plaintiff could not afford the cost of mediation. In fact, Plaintiff could not even afford the cost of printing and mailing about six thousands pages of evidence in support of his motion for summary judgment and the court denied the motion on the basis of lack of competent evidence to establish prima facie.

Plaintiff requested multiple times, including before preparing his summary judgment motion, to be awarded the right to e-file. The court denied those motions and Plaintiff believes that he has been prejudiced for not being able to present his evidence for his motion for summary judgment. Simply the court has violated his right of access to the court. Thus, Plaintiff filed a notice of appeal *before the deadline for mediation*. The issues presented in the notice of appeal include the order adopting R&R over Plaintiff's objection for denying motion for summary judgment and denial of his motion to revise pretrial and trial deadlines to include a new deadlines to file his amended motion for summary judgment as well as the fact that his right of access to the court has been violated when he is not allowed to e-file. Plaintiff's understanding is that denying a motion for summary judgment is appealable: "When we examine a decision *granting or denying* summary judgment, we apply the same legal standards that control the district court's determination." *Mercantile Bank & Trust v. Fidelity & Deposit Co.*, 750 F.2d 838, 841 (11th Cir. 1985). If the appeal was not in good faith, the district judge would block Plaintiff's right to proceed as IFP on appeal, FRAP 24(a)(3)(A).

*Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58-59 (1982) (per curiam) ("The filing of a notice of appeal is an event of jurisdictional significance — it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal."). A "federal district court and a federal court of

appeals should not attempt to assert jurisdiction over a case simultaneously." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58, 103 S.Ct. 400, 402, 74 L.Ed.2d 225 (1982). When one aspect of a case is before the appellate court on interlocutory review, the district court is divested of jurisdiction over that aspect of the case. *Coastal Corp. v. Texas Eastern Corp.*, 869 F.2d 817, 820-21 (5th Cir.1989).

Plaintiff's understanding from the above case-law is that because the notice of appeal was filed before the deadline for mediation, and the issues in the appeal involve the totality of the case (right of access to the court, denying the motion for summary judgment, and revising pretrial and trial deadlines to allow Plaintiff to file an amended motion for summary judgment), the District court is divested of its control over the totality of the case *including the deadline for mediation.*

In response to the defendants' counsel's email about the court's requirement of the parties to mediate, Plaintiff provided the above argument and presented the caselaw, but she responded that she, as the counsel of the defendants, cannot provide legal advice to Plaintiff on the effect of filing notice of appeal.

Plaintiff hopes that the higher court order that he is granted the right to e-file, and this court revise its pretrial and trial deadlines to include another chance for Plaintiff to file his amended motion for summary judgment so that he is able to present his evidence to the court. Obviously, if he can present his evidence in the court, he can argue for a better settlement in mediation. Should he in the future impose liability on the defendants through summary judgment, settling the case through mediation instead of trial is desired for Plaintiff.

Plaintiff does not afford the cost of mailing about six thousands of page of evidence for summary judgment, nor the cost of mediation, nor the cost of printing his exhibits for trial, nor the cost of travel from Iran to the USA for trial. His right of access to the court is violated. The life for pro se parties, shuffling through different stages of their case, and especially Plaintiff, living close to the poverty line as many Iranians do, is difficult. The court could simply grant Plaintiff a right to e-file his evidence and prevent him from the ordeal of going through the court of appeals and induce a delay to the resolution of this case.

Even if the court argues that it still has jurisdiction over the case, it is utterly unfair if

the court dismisses the claims when in fact it was Plaintiff who proposed to the court mediation and in fact he prefers mediation instead of traveling from Iran to the USA for the trial, but he currently does not afford the cost of mediation.

## **CONCLUSION**

Plaintiff did not afford the cost of mediation. Plaintiff's understanding from the caselaw is that notice of appeal confers jurisdiction on the court of appeals and it was filed before the deadline for mediation.

Respectfully submitted

Date: NOV 23, 2023

Bozorgmehr Pouyeh

Tel: +98(910)779-9173
Email: bpouyeh@gmail.com
Address: #45 Seventeenth St, West
Mahestan Ave, Khalil-Abadi Blvd.,
Bagh-E-Feyz, Tehran
Iran



EXPORT GERMANY

Important information

Make sure to complete all details on the waybill

All information must be completed in English

Double check that the receiver's address is correct

Provide a pre-forma invoice for non-document international shipments

www.karaexpress.com

KARAPOST GMBH
081424508424
KARAPOST GMBH
16 MOENCHHOFALLEE
65479 RAUNHEIM
GERMANY

0.3 KG     ENV     1 OF 1
SHP#: V3V7 59K4 C7F
SHP.WT: 0.5 KG
DATE: 27 NOV 2023

SHIP TO:
CLERK OFFICE
(305) 523-5100
FEDERAL COURT MIAMI
400 NORTH MIAMI AVENUE
MIAMI  FL 33128
UNITED STATES

FL 330 6-03

UPS EXPRESS          1
TRACKING #: 1Z V3V 759 66 5505 4040

BILLING: P/P
DESC: Dox                    EDI-DOC

Rechnungsnr: KPP1496111

made from recycled materials