UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 16-23582-CIV-MARTINEZ/GOODMAN

DOCTOR BOZORGMEHR POUYEH,

    Plaintiff,

v.

PUBLIC HEALTH TRUST OF JACKSON
HEALTH SYSTEM, et al.,

    Defendants.
_____/

## ORDER ON PLAINTIFF'S MOTION FOR RECONSIDERATION

Plaintiff Bozorgmehr Pouyeh ("Plaintiff") filed this nine-count discrimination lawsuit *pro se*[1] against Defendants Public Health Trust of Jackson Health System, Carlos

---

[1] "This Court is required to construe *pro se* filings liberally." *Stroud v. Bank of Am.*, No. 11-22489-CIV, 2012 WL 3150054, at *1 (S.D. Fla. Aug. 1, 2012) (quoting *Moghaddam-Trimble v. S. Fla. Water Mgmt. Dist.*, 479 F. App'x 311, 312 n.2 (11th Cir. 2012)); *see also*, *Retie v. United States*, 215 F. App'x 962, 964 (11th Cir. 2007) (explaining that federal courts may liberally construe *pro se* filings "in order to avoid an unnecessary dismissal, to avoid inappropriately stringent application of formal labeling requirements, or to create a better correspondence between the substance of a *pro se* motion's claim and its underlying legal basis"). Liberal construction, however, does not mean that the Court will rewrite a filing on behalf of a *pro se* litigant. *United States v. Padgett*, 917 F.3d 1312, 1317 (11th Cir. 2019). In addition, the Court does not immunize a litigant from complying with applicable laws and rules merely because he is operating on a *pro se* basis. *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) ("[O]nce a *pro se* IFP litigant is in court, he is subject to the relevant laws and rules of court, including the Federal Rules of Civil Procedure. These rules provide for sanctions for misconduct and for failure to comply with court orders.").

A. Migoya, Dr. Steven J. Gedde, Dr. Stefanie R. Brown, Dr. J. Donald Temple, and Dr. Doe (collectively, "Defendants"), alleging that Defendants violated his civil rights when they failed to hire him as a resident doctor in one of their facilities. [ECF No. 134]. Plaintiff filed a partial summary judgment motion as to liability, arguing similar grounds as mentioned in his Third Amended Complaint. [ECF No. 185].

United States District Court Judge Jose E. Martinez dismissed this case because of Plaintiff's failure to prosecute and timely comply with the Court's orders. [ECF No. 248]. Judge Martinez had ordered the parties to engage in mediation on or before October 27, 2023. [ECF Nos. 188; 237]. When the parties failed to comply with the Court's order, Judge Martinez entered an Order to Show Cause requiring the parties "to file a notice indicating the result of the parties' mediation or show cause why this case should not be dismissed for non-compliance with the Court's Order." [ECF No. 241]. Within that same Order, the Court warned the parties that "failure to comply with this Order will result in the imposition of sanctions against the offending party or parties, including but not limited to **final dismissal** of this action." *Id* (emphasis in original). Both parties complied with the Court's Show Cause Order. [ECF Nos. 242; 244].

Upon a review of both responses, Judge Martinez found that Plaintiff did "not show good cause for his failure to comply with the Court's orders requiring mediation[,]" and dismissed the case [ECF No. 248, p. 2 ("Dismissal Order")]. Judge Martinez described Plaintiff's reasoning as "inaccurate," noted how Plaintiff **repeatedly** ignored previous

2

Court Orders related to Local Rule 7.7, and how Plaintiff failed to appear for the scheduled calendar call. *Id.* at 2–3.

After the case was dismissed, Plaintiff filed a "Rule 59(e) Motion for Final Order of Dismissal; Plus, Motion to Renew the (ECF No. 59) Order."[ECF No. 252]. Defendant filed a response. [ECF No. 254]. Plaintiff did not file a reply and the time to do so has passed.

Judge Martinez referred this motion to the Undersigned "to take all necessary and proper action as required by law[.]" [ECF No. 253].

For the reasons discussed below, the Undersigned **denies** Plaintiff's Motion.

Plaintiff's motion seeks reconsideration of the entirety of the Dismissal Order. [ECF No. 252, p. 1]. Plaintiff contends that the Court clearly made erroneous findings, arguing that: (1) "[t]he prior order [ECF No. 59] that [ ] Defendants pay the 50% share of Plaintiff's cost of mediation became void for the present case and Plaintiff forgot that such prior order existed to ask the Court to renew it"; (2) Plaintiff did not inherently oppose the idea of mediation or drag his feet since 2016; (3) "the interlocutory appeal had not been dismissed when the Court ordered to dismiss this case[.]" *Id.* at 3–5. Defendant argues that Plaintiff's motion should be denied because he relitigates old matters and fails "to provide the Court with any evidence of 'manifest error' of fact in the Court Order dismissing his case." [ECF No. 254, p. 2].

"The 'purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence.'" *Burger King Corp. v. Ashland Equities*,

3

*Inc.*, 181 F. Supp. 2d 1366, 1369 (S.D. Fla. 2002) (quoting *Z.K. Marine Inc. v. M/V Archigetis*, 808 F. Supp. 1561, 1563 (S.D.Fla. 1992)). "In particular, there are three major grounds which justify reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice." *Id.*

A "motion for reconsideration should not be used as a vehicle to present authorities available at the time of the first decision or to reiterate arguments previously made." *Id*. (quoting *Z.K. Marine Inc.*, 808 F. Supp. at 1563). Instead, a motion for reconsideration is appropriate where the "Court has patently misunderstood a party, or has made a decision outside of the adversarial issues presented to the Court by the parties, or has made an error not of reasoning, but of apprehension . . . . Such problems rarely arise and the motion to reconsider should be equally rare." *Id*. (quoting *Z.K. Marine Inc.*, 808 F. Supp. at 1563 (citing *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983); *Moog, Inc. v. United States*, No. 90–215E, 1991 WL 255371, at *1, 1991 U.S. Dist. Lexis 17348, at *2 (W.D.N.Y. Nov. 21, 1991))).

Plaintiff first argues that "the prior order that Defendants pay the 50% share of Plaintiff's cost of mediation became void for the present case and Plaintiff forgot that such prior order existed to ask the Court to renew it." [ECF No. 252, p. 3]. The "prior order" he refers to is a paperless Order granting in part his request [ECF No. 56] to be excused from mediation. [ECF No. 59]. The Order held the following, "The parties will not be excused

from mediation. Defendants are required to pay for all of the mediator's fees, including Plaintiff's 50% share. However, Defendants may seek reimbursement of Plaintiff's 50% share of the mediator's fees at the end of the case." *Id*.

Plaintiff states that the Court "missed [ ] that the summons were not served correctly to [ ] [D]efendants and the Court did not have jurisdiction over [ ] [D]efendants when Judge Goodman issued that order, (ECF No. 59), and the Court closed the case. Thus[,] the order was void." [ECF No. 252, p. 3]. The Undersigned **rejects** this first argument because it is an improper attempt to relitigate an issue he already argued in his response to the Court's Order to Show Cause. [ECF No. 244]. *See Z.K. Marine Inc.*, 808 F. Supp. at 1563 ("motion for reconsideration should not be used as a vehicle to present authorities available at the time of the first decision or to reiterate arguments previously made.").

Even if the Court missed the jurisdictional issue related to ECF No. 59, then the error is **harmless** because the Court *still* reminded Plaintiff about mediation **multiple** times after ECF No. 59 was issued. *See* [ECF Nos. 176; 188; 237]. Additionally, Plaintiff failed to provide any supporting authority (aside from his own rhetoric) explaining how this alleged error equates to a "manifest error of law or fact." His failure to "elaborate or provide any citation of authority in support" of this argument waives the argument. *Blanco GmbH %8F Co. KG v. Vlanco Indus., LLC*, 642 F. App'x 934, 936 (11th Cir. 2016) (citing *Flanigan's Enters., Inc. v. Fulton Cnty.*, 242 F.3d 976, 987 n.16 (11th Cir. 2001)).

Plaintiff then argues that the Court erred in accusing him of "inherently opposing the idea of mediation" and making the comment that he has been dragging his feet since 2016. [ECF No. 252, p. 4]. The Undersigned **rejects** this argument for the same reasons listed in the first argument's denial. This latest challenge is an attempt to repackage his earlier argument on his failure to comply with the Court's orders on mediation. [ECF No. 244]. He also did not provide any legal authority (aside from his own rhetoric) in support of this argument, therefore waiving it.

Plaintiff's "argument" is seemingly an attempt to *correct* the Court's perspective of his actions. However, the Court's comments were merely dicta, and "dicta is not binding on anyone for any purpose." *Edwards v. Prime, Inc.*, 602 F.3d 1276, 1298 (11th Cir. 2010) (citing *McNely v. Ocala Star–Banner Corp.*, 99 F.3d 1068, 1077 (11th Cir. 1996) ("[W]e are not required to follow dicta contained in our own precedents[.]"); *Great Lakes Dredge & Dock Co. v. Tanker Robert Watt Miller*, 957 F.2d 1575, 1578 (11th Cir. 1992) (because what is said in a prior opinion about a question not presented there is dicta, and dicta is not binding precedent, a later panel is "free to give that question fresh consideration")).

Plaintiff lastly argues that the Court incorrectly found that he "willfully disregarded the Court's Order" because the interlocutory appeal had not been dismissed. [ECF No. 252, p. 5]. Plaintiff states that Judge Martinez "confused Plaintiff's prior mandamus proceeding with his interlocutory appeal" based on a comment the Court

made in a footnote.[2] *Id*. Plaintiff argues that "[t]he items the Court listed as a clear record of delay and contumacious disregard of Plaintiff to the Court's orders, hinge upon the issues raised by Plaintiff and the result of this interlocutory appeal." *Id.* at 7. But Plaintiff's arguments related to the interlocutory appeal are **moot** because it was dismissed, *sua sponte*, for lack of jurisdiction. [ECF No. 255].[3] Second, he again failed to provide anything but his own rhetoric in support of this argument and how (or why) this alleged error equates to a "manifest error of law or fact." Therefore, this third argument is **rejected**.

Plaintiff contends that "the basis for granting this motion is that the Court's fact-findings were clearly erroneous that the [Order] (ECF No. 59) was still valid, and that the Court of [A]ppeals dismissed the interlocutory appeal for failure to pay the docketing fee." [ECF No. 252, p. 1]. However, his motion is void of **any** legal authority supporting his arguments that the listed errors were those of a "manifest error of law or fact." He merely states the error, provides a timeline and gives some related context, but he never explains how the error is one that would **require** this Court to grant this motion and whether any court has granted this type of motion on a similar basis.

---

[2]   The footnote in question merely stated that the "Eleventh Circuit Court of Appeals advised this Court via email on November 20, 2023 that Plaintiff's appeal was dismissed for want of prosecution because he failed to timely pay the filing and docketing fees." [ECF No. 248, p. 2 n.1].

[3]   Plaintiff additionally argued that he had "a high chance to succeed on the merit in the appeal" but based on the Eleventh Circuit's mandate [ECF No. 255] (filed less than 20 days *after* Plaintiff filed the current motion), this argument is also moot. [ECF No. 252, p. 8].

Therefore, the Undersigned agrees with Defendants' argument that "[i]n addition to relitigating old matters, Pouyeh's motion also does not provide the Court with any evidence of any 'manifest error' of fact in the Court Order dismissing his case." [ECF No. 254, p. 2].[4]

Plaintiff's motion solely focuses on Judge Martinez's rationale related to the mediation issue. He conveniently ignores Judge Martinez's other findings about how Plaintiff ***repeatedly*** violated the Local Rules even after being reminded multiple times.[5] Therefore, he waived any argument as to that point. "Failure to respond to an argument may result in waiver." *Bell N. Rsch., LLC v. HMD Am., Inc.*, No. 1:22-CV-22706, 2023 WL 8455938, at *3 (S.D. Fla. Nov. 14, 2023), *report and recommendation adopted*, No. 22-22706-CIV, 2023 WL 8449590 (S.D. Fla. Dec. 6, 2023) (quoting *West 32nd/33rd Place Warehouse Condo. Ass'n, Inc. v. Western World Ins. Co.*, No. 22-CV-21408, 2023 WL 6317993, at *4 (S.D. Fla. Aug. 21, 2023) (citing *Five for Ent. S.A.,* , 2013 WL 4433420, at *14 ("A failure to address issues in response to a motion is grounds for finding that the claims have been

---

[4] Plaintiff did not file a reply and therefore **abandoned** the related claims. "A failure to address issues in response to a motion is grounds for finding that the claims have been abandoned." *Five for Ent. S.A. v. Rodriguez*, No. 11-24142-CIV, 2013 WL 4433420, at *14 (S.D. Fla. Aug. 15, 2013) (citing *Coalition for the Abolition of Marijuana Prohibition v. City of Atlanta,* 219 F.3d 1301, 1326 (11th Cir. 2000)).

[5] In his Dismissal Order, Judge Martinez informed Plaintiff that "Rule 41(b) of the Federal Rules of Civil Procedure 'authorizes a district court to dismiss a complaint for failure to prosecute or failure to comply with a court order or the federal rules.'" [ECF No. 248, p. 4 (quoting *Tweed v. State of Fla.*, 151 F. App'x 856, 857 (11th Cir. 2005) *(*quoting *Gratton v. Great Am. Commc'ns,* 178 F.3d 1373, 1374 (11th Cir. 1999))].

8

abandoned."); *Altare v. Vertical Reality MFG, Inc.*, No. 19-CV-21496, 2020 WL 209272, at *2 (S.D. Fla. Jan. 14, 2020) ("Plaintiff did not respond to this argument and, consequently, the Court deems any response waived."))).

Ironically, Plaintiff's motion *also* violates Local Rule 7.1(a)(3).[6] His failure to confer with opposing counsel before filing his motion violates S.D. Fla. Local Rule 7.1(a)(3), which mandates the pre-filing conference and certification of the conferral in the motion. "Compliance with Local Rule 7.1(a)(3) is **mandatory** and serves an important purpose." *Hernandez v. Ticketmaster, LLC*, No. 18-20869-CIV, 2018 WL 2198457, at *3 (S.D. Fla. May 14, 2018) (emphasis added).

Based on the above reasoning, the Undersigned **denies** Plaintiff's motion [ECF No. 252] because it does not adhere to the local rules and fails to meet any of the *Burger King* exceptions justifying reconsideration. 181 F. Supp. 2d at 1369. *See Melford v. Kahane & Assocs.*, 371 F. Supp. 3d 1116, 1126 n.4 (S.D. Fla. 2019) ("Generally, a litigant who fails to press a point by supporting it with pertinent authority, or by showing why it is sound despite a lack of supporting authority or in the face of contrary authority, forfeits the point. The court will not do his research for him.") (internal quotations and citation omitted); *see also Jacobs v. Tempur-Pedic Int'l, Inc.*, 626 F.3d 1327, 1344 (11th Cir. 2010) (recognizing no basis for reconsideration where motion did nothing but ask the court to

---

[6]    The Undersigned previously informed Plaintiff that compliance with this rule is **mandatory**. *See* [ECF No. 222, p. 3].

9

reexamine unfavorable ruling, absent a manifest error of law or fact).

**DONE AND ORDERED** in Chambers, Miami, Florida, on March 11, 2024.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**
The Honorable Jose E. Martinez
All Counsel of Record

Doctor Bozorgmehr Pouyeh, *Pro Se*
#45 West Seventeenth Street
Mahestan Street, Khalil-Abadi Blvd.
Baghe-Feyz, Tehran, Iran